**WHITE & CASE**

October 25, 2018

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

**VIA ECF**

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Randy Abbas v. Hestia Tobacco, LLC and David Sley*, 18-CV-05151(ENV)(RER)

Dear Judge Vitaliano:

We write on behalf of Defendants Hestia Tobacco, LLC ("Hestia") and David Sley (collectively, "Defendants") in the above-referenced action. Pursuant to Rule III.A of Your Honor's Individual Motion Practices and Rules, we respectfully request a pre-motion conference for our anticipated partial motion to dismiss Plaintiff's Complaint filed on September 12, 2018 (Dkt. No. 1, the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This case stems from a $1 million loan (the "Loan") made by Plaintiff to Hestia and personally guaranteed by Mr. Sley. Compl. ¶ 1. The terms of the Loan were initially governed by an Original Note, which had a maturity date of June 8, 2018; the Original Note was then replaced by an Amended and Restated Promissory Note ("Amended Note"), which extended the maturity date to August 17, 2018. *Id.* ¶¶ 10, 14, 28-30; *Id.* Exs. A and B. The Complaint quotes various communications between the parties in which Mr. Sley stated that the funds to repay the Loan were not immediately available and that repayment of the Loan depended on the closing of a separate transaction or an alternate source of funds. *Id.* ¶¶ 15-18, 26-28. Plaintiff claims that the Loan is in default and seeks payment.

While this is really a breach of contract case based on non-payment of the Loan, the Complaint also pleads five equitable and tort claims: fraudulent inducement, promissory fraud, conspiracy to commit fraud, unjust enrichment, and account stated. *Id.* ¶¶ 40-67. These fail to state a claim and should be dismissed for the reasons set out below.

**Fraud:** Plaintiff's claims for fraud in the inducement and promissory fraud should be dismissed because they are duplicative of the breach of contract claims and would result in double recovery for the same injury. *See Yi v. Circle K Stores, Inc.*, 258 F. Supp. 3d 1075, 1087 (C.D. Cal. 2017) (dismissing fraudulent inducement claim, stating that it was "problematic" because it "repeats the breach of contract allegations" and was therefore "largely duplicative of the breach of

October 25, 2018

contract claim"); *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.,* 117 F. Supp. 3d 1092, 1110 (C.D. Cal. 2015) (dismissing promissory fraud claim where counterclaimant sought to take "allegations underpinning a straightforward claim for breach of a commercial contract and recast them as torts"); *La Jolla Spa Md. Inc. v. Avidas Pharms., LLC,* 2017 U.S. Dist. LEXIS 178728, at *19 (S.D. Cal. Oct. 27, 2017) (dismissing fraud claim because it was identical to the breach of contract claim); *cf. Manas v. VMS Assoc., LLC*, 53 A.D.3d 451, 453 (1st Dep't 2008) ("A fraud-based cause of action is duplicative of a breach of contract claim when the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract.") (internal citation omitted). Many of the purportedly fraudulent statements are statements by the Defendants that they were trying to pay back the Loan and expected to pay back the Loan, which is exactly what is governed by the parties' contracts and is duplicative of the contract claims.

Plaintiff also claims fraud based on the purpose for which the funds would be used, but identifies no statements from the Defendants on that subject, let alone purportedly fraudulent ones. This fails to plead fraud with the required particularity. *See Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990) ("[e]very element of the cause of action for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged with sufficient specificity to allow [the] defendant to understand fully the nature of the charge made.") (internal citation omitted).

Plaintiff's fraud claims also fail because Plaintiff has not alleged justifiable or reasonable reliance on any of Defendants' statements. Plaintiff loaned the $1 million to Defendants on May 9, 2018, *before* all of the statements pleaded in the Complaint. Compl. ¶¶ 7, 11; *see Cal. Bagel Co., LLC v. Am. Bagel Co.*, 2000 U.S. Dist. LEXIS 22898, at *49, fn. 74 (C.D. Cal. June 9, 2000) ("To the extent plaintiffs' claims are based on representations allegedly made after their execution of the [Agreements], they cannot prove reliance, much less reasonable reliance."). Moreover, the statements alleged in the Complaint show that Defendants told Plaintiff that they could only repay the Loan if a separate transaction went through, and Plaintiff decided to proceed with the Amended Note anyway. *Id.* ¶ 15. Again, Plaintiff has not pled any change of position based on any of these statements that repayment of the Loan was contingent.

Nor has Plaintiff pled facts to infer an intent to defraud, as opposed to simply an honest failure to secure the funding required to repay the Loan. *See Magpali v. Farmers Grp.*, 48 Cal. App. 4th 471, 481 (1996) (finding that an overly optimistic, but erroneous belief, no matter how misguided, does not justify a finding of fraud).

**Conspiracy to Commit Fraud.** California law does not recognize this as a separate tort. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (holding that there is no separate cause of action for civil conspiracy). Furthermore, because Plaintiff has failed to state a claim for fraud, his derivative claim for conspiracy to commit fraud necessarily fails.

Additionally, Plaintiff's conspiracy claim rests on the actions of only one person—Mr. Sley—both as an individual and on behalf of Hestia. This does not plead a conspiracy, because a corporation is a legal fiction that can only act through its employees and agents—those individuals cannot conspire with themselves. *See Black v. Bank of Am. N.T. & S.A.*, 30 Cal. App. 4th 1, 6 (1994); *see also Zumbrun v. Univ. of S. Cal.*, 25 Cal. App. 3d 1, 12 (1972) ("[A]gents or

October 25, 2018

employees of a corporation cannot conspire with the corporation while acting in their official capacities on behalf of the corporation.").

**Unjust Enrichment:** Plaintiff's claim for unjust enrichment also fails. Under California law, unjust enrichment is a *remedy* that is not itself a separate cause of action. *Munoz v. MacMillan*, 195 Cal. App. 4th 648, 661 (2011). Furthermore, like under New York law, California law makes clear that a contract governing the same subject matter precludes a claim of unjust enrichment. *AIG Ret. Servs, v. Altus Fin. S.A.*, 365 Fed. Appx. 756, 760 (9th Cir. 2010) (dismissing unjust enrichment claim as duplicative of the breach of contract claim).

**Account Stated:** Plaintiff's claim for account stated should be dismissed because the Amended Note and Guaranty are written contracts, and the account stated claim is merely cited as another means of collecting under the same contracts. These written contracts (and Plaintiff's breach of contract claims) preclude a separate and duplicative claim for account stated. *See Moore v. Bartholomae Corp.*, 69 Cal. App. 2d 474, 476 ("The law is established in California that a debt which is predicated upon the breach of the terms of an express contract cannot be the basis of an account stated."); *Core Dev. Grp., LLC v. Jackson*, 2017 N.Y. Misc. LEXIS 2654, at *7 (Sup. Ct. N.Y. Cnty. June 29, 2017) (citing *Martin H. Bauman Assoc., Inc. v. H & M Int'l Transp., Inc.*, 171 A.D.2d 479, 485 (1st Dep't 1991) (explaining that if the plaintiff "can prove an enforceable contract, then it will be able to recover under [that] cause of action" but "a claim for an account stated may not be utilized simply as another means to collect under a disputed contract")); *Hagman v. Swenson*, 149 A.D.3d 1, * 6 (1st Dep't 2017) (affirming dismissal of accounts stated claim because it was merely another means to attempt to collect).

Defendants respectfully request a pre-motion conference on these matters at the Court's convenience.

Respectfully Submitted,

/s/ *Kimberly A. Haviv*

Kimberly A. Haviv
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8683
Facsimile: (212) 354-8113
kim.haviv@whitecase.com

*Attorneys for Defendants Hestia Tobacco, LLC and David Sley*

cc:   Richard B. Cohen. Esq. (via ECF)
      Christina H. Bost Seaton, Esq. (via ECF)
      *Attorneys for Plaintiff*

3