LAW FIRM 2.0®

# FisherBroyles

A LIMITED LIABILITY PARTNERSHIP

**Richard B. Cohen, Esq.**

445 Park Avenue
Ninth Floor
New York, New York 10022

Direct: (212) 247-6122; (917) 576-7919
Richard.cohen@fisherbroyles.com

November 1, 2018

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Abbas v. Hestia Tobacco, LLC, et al, Case No. 18-cv-05151 (ENV)(RER)

Dear Judge Vitaliano:

We are counsel to Plaintiff Randy Abbas ("Abbas"), and hereby respond to the October 25, 2018 request by Defendants for a pre-motion conference regarding the legal sufficiency of certain claims set forth in the Complaint. Both sides recognize that the promissory note and guarantee at issue in the Complaint are governed by California law. [*See* Complaint at ¶30; *see also* Exh "A" to Complaint at ¶14 and Exh "B" at ¶12]. Accordingly, the substantive law of the State of California controls whether valid claims are stated in the Complaint.

To keep the focus upon the underlying clearly-pleaded fraud, Plaintiff will withdraw Count II alleging an Account Stated. Plaintiff further agrees to withdraw Count III alleging Unjust Enrichment and to re-plead the claim as an alternative claim for an implied or quasi-contract. The repleaded claim is important because, based on pre-complaint communications Defendants may attempt to contend that the express contracts are invalid. While Plaintiff vigorously disputes that contention, he wishes to plead a quasi-contract claim in the alternative in the unlikely event Defendants succeed in challenging the validity of the express contracts. Alternative pleadings are authorized by Fed. Rule of Civ. Proc. R. 8(d)(2).

Plaintiff strongly disagrees, however, that his Fraud (Counts V & VI) or Conspiracy claims (Count VII) are legally insufficient. California substantive law does not bar a plaintiff from pursuing both fraud and tort claims arising from the same or similar facts. The seminal case, curiously omitted by Defendants, is *Lazar v. Superior Court* (1996) 12 Cal. 4th 631, where the California Supreme Court held that an action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract. *Id*. at 638. The Court held: "In such cases, the plaintiff's claim does not depend on whether the defendant's promise is ultimately enforceable as a contract. If it is enforceable, the plaintiff has a cause of action in tort as an alternative at least, and perhaps in some instances in addition to his cause of action on the contract." *Id*. at 638.

The rule in California is that a party who is fraudulently induced to execute a contract can either rescind the contract and restore the consideration or can affirm the contract and recover damages for fraud. *Geraghty v. Shalizi* (2017) 8 Cal. App. 5th 593, 597. Accordingly, the fact that a claim for breach of contract exists says nothing whatsoever about whether a valid claim for promissory fraud exists. California courts often affirm awards for both contract and tort claims. *See Diamond Woodworks, Inc. v.*

The Honorable Eric N. Vitaliano
United States District Court
November 1, 2018| Page 2 of 3

*Argonaut Ins. Co.* (2003) 109 Cal. App. 4th 1020 & *Waffer International Corp v. Khorsandi* (1999) 69 Cal. App 4th 1261, 1280 (rejecting argument that pursuing a contract claim barred plaintiff from pursuing a tort claim). Since both contract and tort claims may be pursued in the same case, where a given set of facts entitles a plaintiff to recover on a tort theory and the same set of facts entitles him to recover on a contract theory, recovery cannot be had twice simply because the facts support recovery on either theory. *Shell v. Schmidt* (1954) 126 Cal. App. 2d 279, 292. While the Plaintiff may eventually face an election of remedies, under California law that election cannot be compelled prior to judgment. *Denevi v. LGCC* (2004) 121 Cal. App. 4th 1211, 1221; *Roam v. Koop* (1974) 41 Cal. App. 3d 1035, 1039. So, while Abbas cannot obtain a double recovery by alleging both tort and fraud claims, there is no prohibition against his simultaneous pursuit of both legal theories of recovery. This assertion behind Defendants' proposed motion is misplaced.

By California statute, a promise to do something implies the intention to perform; hence, where a promise is made without the intention to perform there is an implied misrepresentation of fact. *Lazar v. Superior Court, supra* at 638. *See* Calif. Civ. Code §1572(4) and Calif. Civ. Code § 1710(4) (both statutes say a promise without the intention to perform may constitute deceit). *Promissory fraud* is a subspecies of an action for fraud and deceit. The elements of a cause of action for deceit are: (a) a misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of the falsity (or "scienter"); (c) intent to defraud, *e.g.*, to induce reliance; (d) justifiable reliance; and (e) resulting damages. *Lazar v. Superior Court, supra* at 638; *Small v. Fritz Companies, Inc.* (2003) 30 Cal. 4th 167, 173. Conceptually, in cases of promissory fraud, the promise made without an intent to perform constitutes the "false representation" - the first element of the cause of action for deceit. The necessary elements were properly pled here. Defendants impliedly promised to pay back the loan and, from the circumstances, including their continued falsehoods about repayment and a fictitious underlying transaction, they never intended to do.

The Complaint also adequately alleged fraud in the inducement for the note. Fraud in the inducement occurs when the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable. *Rosenthal v. Great Western Financial Securities Corp.* (1996) 14 Cal. 4th 394, 415. Here, Abbas was induced to enter into the promissory note by Defendants' explicit false statements that the funds were to be used for a pending, profitable transaction by Defendant Hestia Tobacco, as well as by the very identification on the note of Hestia Tobacco as the stated promissor. However, all of these were false. Defendants intended that Defendant Sley was to use and did use the funds for his purely personal wedding expenses. The entire premise used to induce Abbas to make the loan was a fabrication. The requisite elements - a false statement, scienter, an intent to defraud, reliance and damages - are all present in the Complaint.

Defendants' argument that California law does not recognize civil conspiracy as a separate tort is also incorrect. While it is true that California does not allow civil conspiracy as a "stand alone" or independent tort, that is a far cry from holding that it is not a separate tort. The seminal case in this area is *Applied Equipment Corp. v. Litton Saudi Arabia Ltd* (1994) 7 Cal. 4th 503 which held that the liability arising from conspiracy presupposes that the co-conspirator is legally capable of committing the tort, *i.e.*, that he or she owes a duty to the plaintiff. *Id.* at 511. Before one can be liable for civil conspiracy, he must be capable of being individually liable for the underlying wrong as a matter of substantive tort law. He must owe a legal duty of care to the plaintiff. *Chavers v. Gatke Corp.* (2003) 107 Cal. App.4th 606, 611-12. Thus, as long as both Defendants are capable of being individually liable for the tort alleged (*i.e.*, fraud), a civil conspiracy for that tort may be asserted. The elements of civil conspiracy are (1) the formation and

The Honorable Eric N. Vitaliano
United States District Court
November 1, 2018| Page 3 of 3

operation of the conspiracy; (2) wrongful conduct in furtherance of the conspiracy and (3) damages from the wrongful conduct. *Contreras v. Dowling* (2016) 5 Cal. App. 4th 394, 416.

Defendants also assert that an agent and employee of a corporation cannot conspire with their corporation or employer where they act in their official capacities on behalf of the corporation and not as individuals. *Doctor's Co. v. Superior Court* (1989) 49 Cal. 3d 39, 45. While that is a correct statement of the law, it is not applicable given the allegations here. Although Defendant Sley was an officer and shareholder of Defendant Hestia Tobacco, the allegations clearly state that he falsely obtained the funds for his personal benefit - to pay for his wedding and honeymoon. Sley clearly did not act on behalf of the corporation, or use the funds for the corporation's benefit, despite his false and fraudulent statements. Since he was acting to advance his purely personal, private interests, he can be liable for conspiring with the corporation to commit this fraud.

Turning to the unjust enrichment claim, Plaintiff will replead this claim as an alternative, quasi-contract claim (sometimes called "*quantum meruit*") seeking unjust enrichment as the remedy. Under California law, where a defendant obtains a benefit by fraud, duress or conversion or similar conduct, Plaintiff may choose to seek restitution on a quasi-contract theory. In such case, the law will imply a contract (or rather a quasi-contract) without regard to the parties' intent in order to avoid unjust enrichment by Defendant. *McBride v. Boughton* (2004) 123 Cal. App. 4th 379, 388.

Quasi-contracts are not based on the parties' intentions, nor are they promises; they are obligations created by law for reasons of justice. Quasi-contract recovery is based upon a benefit accepted or derived for which the law implies an obligation to pay. *Weitzenkorn v. Lesser* (1953) 40 Cal. 2d 778, 794. While a quasi-contract claim cannot survive once an express contract is proven, it appears that Defendants may attempt to allege that the contracts at issue are not valid or enforceable. When the pleader is in doubt about what can be established by the evidence, he or she may plead in the alternative. *Mendoza v. Continental Sales Co*. (2006) 140 Cal. App. 4th 1395, 1402. This very issue was decided in *Newport Harbor Ventures LLC* (2016) 6 Cal. App. 5th 1207, where the Court held that the Plaintiff may plead in the alternative a claim for breach of contract and *quantum meruit*, but could not recover under both theories. *Id*. at 1223-24; *see also, Fagan v. U. S. Carpet Installation, Inc*. 770 F. Supp. 2d 490, 496 (E.D.N.Y. 2011)(pleading in the alternative does not require pleader to identify allegations as alternative theories and alternative statements are sufficient under FRCP Rule 8(d)). In this way, should the Defendants' challenge to the validity of the contract(s) prevail, Plaintiff would remain free to pursue his quasi-contract theory.

Accordingly, Plaintiff believes there is no factual or legal basis to file a motion to dismiss regarding the fraud or conspiracy claims. However, in response to Defendants' concerns, Plaintiff proposes to amend his Complaint to dismiss the "account stated" claim (Count II) and re-plead the unjust enrichment claim (Count III) as an alternative claim for quasi-contract or *quantum meruit*.

Respectfully submitted,

Richard B. Cohen, Esq., Partner
FisherBroyles, LLP

cc:  Counsel for Defendants (*Via email*)