# EXHIBIT A

## AMENDED AND RESTATED PROMISSORY NOTE

**$1,000,000.00**                                                              August 10, 2018

This Amended and Restated Promissory Note (this "**Note**") is entered into on the date first set forth above by and between Hestia Tobacco, LLC, a Nevada limited liability company ("**HT**"), and Randy Abbas, an individual ("**RA**").

### RECITALS

WHEREAS, the parties signed a previous promissory note dated May 8, 2018, wherein RA lent $1,000,000 to HT with a due date of June 7, 2018 (the "**Original Note**");

WHEREAS, the parties desire to extend the time for HT to repay the loan amount and further desire to re-state the interest due on the $1,000,000 face amount of the Original Note; and

WHEREAS, in consideration for extending the due date on the Original Note, the parties hereto intend to supersede and replace the Original Note with this Note.

### AGREEMENT

NOW THEREFORE, intending to be legally bound and for good and valuable consideration, including extending the term of the promissory note, the parties agree as follows:

1. **Loan.** HT promises to pay to RA at 167 Huntington Street, Brooklyn, NY 11231, or such other address as may be directed by RA in writing, the principal sum of $1,000,000.00 or so much thereof as may be outstanding, together with all accrued and unpaid interest thereon.

2. **Payment of Principal and Interest.** The principal and all accrued and unpaid interest thereon shall be due and payable five (5) business days after the date of this Note (the "**Maturity Date**"). All payments of principal and interest of this Note shall be payable in lawful currency of the United States of America.

3. **Credit of Payments.** The payment under this Note shall be credited in the following order: (a) costs, fees, and charges paid or incurred by RA and for which HT is obligated under the terms herein; (b) interest payable under this Note; and (c) principal under this Note.

4. **Interest.** The entire unpaid principal balance and accrued and unpaid interest shall bear an annual interest rate equal to the lesser of: (a) ten percent (10%) per annum or (b) the maximum interest rate allowed by law in lieu of the rate provided above herein. Interest owing for each year shall be calculated on the basis of a fraction the denominator of which is three hundred sixty (360) and the numerator of which is the actual number of days elapsed from the first day of such year.

5. **Guaranty.** This Note and the performance by HT of all of its obligations hereunder is secured by the personal guarantee (the "**Guaranty**") of David Sley (the "**Guarantor**")

6. **Event of Default.** The occurrence of any of the following events will be deemed to be an "**Event of Default**" under this Note: (a) the nonpayment of the principal, interest or other indebtedness under this Note on the Maturity Date; (b) the occurrence of any event of default or default and the lapse of any notice or cure period under any other debt, liability or obligation to the Lender; (c) the filing by or

4849-4731-9919, v. 1

against HT or the Guarantor of any proceeding in bankruptcy, receivership, insolvency, reorganization, liquidation, conservatorship or similar proceeding (and, in the case of any such proceeding instituted against HT or the Guarantor, such proceeding is not dismissed or stayed forty-five (45) days of the commencement thereof; (d) any assignment by HT for the benefit of creditors, or any levy, garnishment, attachment or similar proceeding is instituted against any property that HT held; (e) a default with respect to any other indebtedness of either HT to the Guarantor for borrowed money that is not cured within any notice or cure period; or (f) the entry of a final judgment against either HT or the Guarantor and the failure of HT to discharge the judgment within ten (10) days of the entry thereof. Upon the occurrence of any Event of Default, the entire unpaid principal sum hereunder plus all interest accrued thereon plus all other sums due and payable to RA under this Note, in addition to all attorneys' fees incurred by RA in connection with HT's default under the Original Note (as defined below), shall automatically become due and payable immediately. In addition to the foregoing, upon the occurrence of any Event of Default, RA may forthwith exercise individually, concurrently, successively or otherwise any and all rights and remedies available to RA under the the Guaranty, or available to Lender by law, equity, statute or otherwise.

7. **Attorneys' Fees.** HT agrees to pay the following costs, expenses, and attorneys' fees paid or incurred by RA, or adjudged by a court: (a) reasonable costs of collection and costs, expenses, and attorneys' fees paid or incurred in connection with the collection or enforcement of the Original Note and this Note, whether or not suit is filed; (b) reasonable costs, expenses, and attorneys' fees paid or incurred in connection with representing RA in any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Note; and (c) costs of suit and such sum as the court may adjudge as attorney fees in any action to enforce payment of this Note or any part of it.

8. **Waiver.** HT, endorsers, and all other persons liable or to become liable on this Note waive presentment, protest, and demand; notice of protest, demand, and dishonor; and all other notices or matters of a like nature.

9. **Forbearance Not a Waiver.** If RA delays in exercising or fails to exercise any of its rights under this Note, then that delay or failure shall not constitute a waiver of any RA rights or of any breach, default, or failure of condition under this Note. No waiver by RA of any of its rights or of any such breach, default, or failure of condition shall be effective, unless the waiver is expressly stated in a writing signed by RA.

10. **Assignment.** This Note inures to and binds the heirs, legal representatives, successors, and assigns of HT and RA.

11. **Severability.** If any provision of this Note, or the application of it to any party or circumstance, is held void, invalid, or unenforceable by a court of competent jurisdiction, the remainder of this Note, and the application of such provision to other parties or circumstances, shall not be affected thereby, the provisions of this Note being severable in any such instance.

12. **Time is of the Essence.** Time is of the essence with respect to all obligations of HT under this Note.

13. **Notices.** All notices required to be given to any of the parties hereunder shall be in writing, and shall be deemed to have been sufficiently given for all purposes when presented personally to such party, or sent by certified or registered mail, return receipt requested, or sent by a nationally recognized next day delivery service, to such party at its address set forth below:

4849-4731-9919, v. 1

RA:   Randy Abbas
      167 Huntington Street
      Brooklyn, NY 11231

HT:   Hestia Tobacco LLC
      Attention: David Sley
      530 Foster Street, Suite 531
      Durham, NC 27701

14. **Governing Law.** This Note shall be governed by and construed in accordance with the laws of the State of California.

15. **Submission to Jurisdiction and Venue.** HT, to the fullest extent permitted by law, hereby knowingly, intentionally and voluntarily, with and upon the advice of competent counsel, (a) submits to personal jurisdiction in the State of New York over any suit, action or proceeding by any person arising from or relating to this Note, (b) agrees that any such action, suit or proceeding shall exclusively be brought in any state or federal court of competent jurisdiction over the State of New York, (c) submits to the jurisdiction of such courts, and (d) to the fullest extent permitted by law, HT agrees that it will not bring any action, suit or proceeding in any venue other than in the City of New York. HT further consents and agrees to service of any summons, complaint or other legal process in any such suit, action or proceeding by registered or certified U.S. mail, postage prepaid, to HT at the address for notices described in Section 13 hereof, and consents and agrees that such service shall constitute in every respect valid and effective service (but nothing herein shall affect the validity or effectiveness of process served in any other manner permitted by law).

*[Signature Page Follows]*

IN WITNESS WHEREOF, HT has executed this Note as of the day and year first written above.

**HT**

HESTIA TOBACCO, LLC

By: _____
Name: David Sley
Title: CEO

**RA**

_____
Randy Abbas

4849-4731-9919, v. 1