# EXHIBIT B

# GUARANTY AGREEMENT

THIS GUARANTY AGREEMENT (this "**Guaranty**"), dated as of August 10, 2018, is executed and delivered by David Sley, an individual ("**Guarantor**"), to and for the benefit of Randy Abbas, an individual ("**RA**").

WHEREAS, RA has entered into, or will enter into, a certain Amended and Restated Promissory Note (the "**Note**") with Hestia Tobacco, LLC, a Nevada limited liability company ("**HT**"), for that certain loan for $1,000,000.00, which amends and restates the Promissory Note, dated May 8, 2018, by HT in favor of RA (the "**Original Note**"); and

WHEREAS, in order to induce RA to delay taking any action with respect to HT's default on the Original Note, Guarantor desires to execute and deliver this Guaranty to and for the benefit of RA.

NOW, THEREFORE, for and in consideration of the premises, and of other good valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged by Guarantor, Guarantor does hereby agree as follows:

1. Guarantor has guaranteed, and by this Guaranty does hereby guarantee, the prompt payment and timely performance of all liabilities, obligations and duties imposed upon HT under the terms of the Note, as fully and to the same extent as if Guarantor had executed the Note as HT thereunder.

2. Guarantor hereby waives notice of acceptance of this Guaranty and all other notices in connection herewith or in connection with the liabilities, obligations and duties guaranteed hereby, including notices of default by RA under the Note, and waives diligence, presentment and suit on the part of RA in the enforcement of any liability, obligation or duty guaranteed hereby.

3. Guarantor further agrees that RA shall not be first required to enforce against HT or any other person any liability, obligation or duty guaranteed hereby before seeking enforcement thereof against Guarantor. Suit may be brought and maintained against Guarantor by RA to enforce any liability, obligation or duty guaranteed hereby without joinder of HT or any other person. The liability of Guarantor hereunder shall not be affected by any indulgence, compromises, settlement or variation of terms which may be extended to HT by RA or as may otherwise be agreed upon by RA and HT, and shall not be impaired, modified, changed, released or limited in any manner whatsoever by any impairment, modification, change, release or limitation of the liability of HT, or its estate in bankruptcy, or of any remedy for the enforcement thereof, resulting from the operation of any present or future provision of the federal Bankruptcy Code, or any similar law or statute of the United States, or of any state thereof. HT and RA, without notice to or consent by the Guarantor, may at any time or times enter into such extensions, amendments, assignments, subleases or other covenants with respect to the Note as they may deem appropriate, and the undersigned Guarantor shall not be released thereby, but shall continue to be fully liable for the payment and performance of all liabilities, obligations and duties of HT under the Note as so extended, amended, assigned or otherwise modified.

4. Guarantor agrees that, if RA shall engage an attorney to present, enforce or defend RA's rights or remedies hereunder, then Guarantor shall pay any reasonable attorneys' fees, related legal expenses and costs of court incurred by RA in connection therewith.

5. This Guaranty shall be binding upon Guarantor and the heirs, legal representatives and successors of Guarantor, and shall inure to the benefit of RA and RA's heirs, legal representatives, successors and assigns.

6. Guarantor shall not be entitled to make any defense against any claim asserted by RA in any suit or action instituted by RA to enforce this Guaranty or the Note or to be excused from any liability hereunder that HT could not make or invoke, and Guarantor hereby expressly waives any defense in law or in equity that is not or would not be available to HT, it being the intent hereof that the liability of Guarantor hereunder is primary and unconditional.

7. Guarantor covenants and agrees that Guarantor shall not divest any or all of his ownership interest in, or suffer or permit any change in control of, HT; nor shall Guarantor sell, lease, transfer, assign or convey any of Guarantor's material assets unless Guarantor shall receive adequate consideration therefor and only if such transaction will not have a material adverse effect on the financial condition of Guarantor.

8. Guarantor acknowledges and agrees that Guarantor was materially involved in the negotiation of the Note and hereby covenants and agrees to abide by those provisions of the Note applicable to Guarantor.

9. It is fully understood that, until each and every one of the covenants and agreements of this Guaranty is fully performed, Guarantor's obligations hereunder shall not be released, in whole or in part, by any action or thing that might, but for this Section 9, be deemed a legal or equitable discharge of a surety or guarantor, or by reason of any waiver, extension, renewal, modification, forbearance or delay or any other act or omission of RA or its failure to proceed promptly or otherwise or by reason of any action taken or omitted by RA, whether or not such action taken or omitted by RA, whether or not such action or failure to act varies or increases the risk of, or affects the rights or remedies of, Guarantor, and Guarantor hereby expressly waives and surrenders any defense to Guarantor's liability hereunder based upon any of the foregoing acts, omissions, things, agreements or waivers of any of them, it being the purpose and intent of the parties hereto that the covenants, agreements and all obligations of Guarantor hereunder are absolute, unconditional and irrevocable. An assignment of the Note, whether permitted or otherwise, shall not affect the obligations of Guarantor hereunder,

10. If it shall be asserted that HT's obligations are void or voidable due to illegal or unauthorized acts by HT in the execution of the Note, then Guarantor shall nevertheless be liable hereunder to the same extent as Guarantor would have been if the obligations of HT had been enforceable against HT.

11. The obligations of Guarantor shall not be subject to any counterclaim, set-off, deduction, diminution, abatement, recoupment, suspension, deferment, reduction or defense based upon any claim Guarantor may have against HT or any other person.

12. This Guaranty shall be governed by and interpreted under the laws of the State of California. Exclusive venue for any action arising out of this Guaranty shall be the state and federal courts situated in the City of New York.

*[Signature Page Follows]*

IN WITNESS WHEREOF, this Agreement has been executed on the day and year first above written.

GUARANTOR

_____
David Sley

RA

_____
Randy Abbas

4837-0692-0047, v. 1