**Served on January 21, 2019**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY ABBAS, </br></br> Plaintiff, </br></br> v. </br></br> HESTIA TOBACCO, LLC, and DAVID SLEY, </br></br> Defendants. | Case No. 1:18-CV-05151 (ENV-RER) </br></br> Hon. Eric N. Vitaliano |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNTS II, IV, V, AND VI OF PLAINTIFF'S AMENDED COMPLAINT**

AMERICAS 98033579

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................................1

**FACTUAL BACKGROUND**......................................................................................................2

**LEGAL STANDARD** ..................................................................................................................3

**ARGUMENT**................................................................................................................................3

I. Plaintiff's Quasi-Contract/Quantum Meruit Claim Is Barred Because Plaintiffs Allege And Rely On An Express Contract Between The Parties................................................3

II. Plaintiff's Fraud Claims Should Be Dismissed ............................................................4

    A. Plaintiff's Promissory Fraud Claim Is Duplicative Of Its Breach Of Contract Claim And Barred by California's Economic Loss Rule........................4

    B. Plaintiff's Promissory Fraud and Fraudulent Inducement Claims Fail to Meet the Heightened Pleading Requirements for Fraud ..................................6

III. Plaintiff's Conspiracy to Commit Fraud Claim Should be Dismissed ...........................9

**CONCLUSION** ..........................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alfus v. Pyramid Tech.*,
  745 F. Supp. 1511 (N.D. Cal. 1990) ................................................................................. 9

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
  7 Cal. 4th 503 (Sup. Ct. 1993) .......................................................................................... 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................... 3

*Beasley v. Indy Mac Bank*,
  2018 U.S. Dist. LEXIS 31883 (E.D.N.Y. Feb. 23, 2018) ............................................. 3, 6

*Behnke v. State Farm Gen. Ins. Co.*,
  196 Cal. App. 4th 1443 (2011) ......................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 3

*Black v. Bank of Am. N.T. & S.A.*,
  30 Cal. App. 4th 1 (1994) ................................................................................................ 10

*Cal. Bagel Co., LLC v. Am. Bagel Co.*,
  2000 U.S. Dist. LEXIS 22898 (C.D. Cal. June 9, 2000) .................................................. 8

*Chavez v. Bank of Am., N.A.*,
  2010 U.S. Dist. LEXIS 44369 (E.D. Cal. 2010) .......................................................... 9, 10

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) ......................................................................................... 3

*Gaines v. Sherman*,
  2016 U.S. Dist. LEXIS 63696 (E.D. Cal. May 13, 2016) ................................................ 9

*JMP Sec. LLP v. Altair Nanotechnologies Inc.*,
  880 F. Supp. 2d 1029 (N.D. Cal. July 23, 2012) .......................................................... 5, 6

*Kirch v. Liberty Media Corp.*,
  449 F.3d 388 (2d Cir. 2006) .............................................................................................. 3

*Klein v. Chevron U.S.A., Inc.*,
  202 Cal. App. 4th 1342 (2012) ......................................................................................... 4

*La Jolla Spa Md. Inc. v. Avidas Pharms., LLC*,
  2017 U.S. Dist. LEXIS 178738 (S.D. Cal. Oct. 27, 2017) ....................................................... 5

*Linares v. Richards*,
  2009 U.S. Dist. LEXIS 68753 (E.D.N.Y. June 22, 2009) ........................................................ 7

*Magpali v. Farmers Grp.*,
  48 Cal. App. 4th 471 (1996) .................................................................................................... 8

*Oracle USA, Inc. v. XL Global Services, Inc.*,
  2009 U.S. Dist. LEXIS 59999 (N.D. Cal. July 13, 2009) ..................................................... 5, 6

*Pro Value Props., Inc. v. Quality Loan Serv. Corp.*,
  170 Cal. App. 4th 579 (2009) .................................................................................................. 3

*Ram v. Wachovia Mortg.*,
  2011 U.S. Dist. LEXIS 32392 (E.D. Cal. Mar. 25, 2011) ........................................................ 9

*Shasta Douglas Oil Co. v. Work*,
  212 Cal. App. 2d 618 (1963) ................................................................................................. 10

*Singh v. Amguard Ins. Co.*,
  2016 U.S. Dist. LEXIS 188343 (C.D. Cal. Apr. 1, 2016) ................................................ 4, 5, 8

*Tomasino v. Estee Lauder Cos.*,
  44 F. Supp. 3d 251 (E.D.N.Y. 2014) ....................................................................................... 4

*UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*,
  117 F. Supp. 3d 1092 (C.D. Cal. 2015) ......................................................................... 4, 5, 6, 7

*Wasco Prods. v. Southwell Techs.*,
  435 F.3d 989 (9th Cir. 2006) ................................................................................................... 9

*Yi v. Circle K Stores, Inc.*,
  258 F. Supp. 3d 1075 (C.D. Cal. June 26, 2017) ..................................................................... 6

*Zumbrun v. Univ. of S. Cal.*,
  25 Cal. App. 3d 1 (1972) ....................................................................................................... 10

**STATUTES AND RULES**

Fed. R. Civ. P. 9(b) .............................................................................................................. passim

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 1, 3

Defendants Hestia Tobacco, LLC ("Hestia") and David Sley (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Counts II, IV, V, and VI of the Amended Complaint ("Amended Complaint" or "Am. Compl.") of Plaintiff Randy Abbas ("Abbas" or "Plaintiff") for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This is a straightforward breach of contract case. Plaintiff alleges that he made a $1 million loan to Defendants and that Defendants did not pay it back. But in addition to his breach of contract claims—which Defendants do not challenge on this motion—Plaintiff seeks to tack on four equitable and tort claims under the governing California law: quasi-contract/quantum meruit (Count II), fraudulent inducement (Count IV), promissory fraud (Count V), and conspiracy to commit fraud (Count VI). These claims are just duplicates of the breach of contract claims, are not properly pled, and should be dismissed. First, Plaintiff expressly alleges and sues on an express contract between the parties, precluding a claim in quasi-contract, especially given that quasi-contract is not pleaded in the alternative. Second, the promissory fraud claim is barred by California's "economic loss rule," because the claim asserts the exact same factual allegations and the exact same damages as the breach of contract claim. Moreover, Plaintiff has not identified any duty independent of the contractual relationship or alleged any harm beyond non-payment of the loan. Third, both the fraudulent inducement and promissory fraud claims are deficient and do not meet the heightened pleading standards for fraud. Fourth, Plaintiff's conspiracy to commit fraud claim fails because it is dependent on the deficient fraud claims and is likewise not pled with particularity, and also because Mr. Sley is the CEO of Hestia

1

and cannot conspire with himself. For all these reasons, these ancillary tort and equitable claims should be dismissed, and this case should proceed as a breach of contract action.

## FACTUAL BACKGROUND

Plaintiff alleges that he made a $1 million loan (the "Loan") to Hestia Tobacco, LLC on May 8, 2018. Am. Compl. ¶ 7. The terms of the Loan were governed by a note executed on behalf of Hestia by Mr. Sley as CEO and founder of Hestia, with a maturity date of June 8, 2018 (the "Original Note"). *Id.* ¶ 10. After the execution of the Original Note, Plaintiff alleges that he and Mr. Sley had various communications in which Mr. Sley advised that repayment of the Loan would come either from funds obtained after the closing of a separate Hestia transaction, or an alternative source. *Id.* ¶¶ 15-18. 26-28. Plaintiff further alleges that on the Original Note's maturity date, Mr. Sley told him that Plaintiff's funds were not at risk, but due to a delay in Hestia's underlying transaction, repayment could not yet be made on the Loan. *Id.* ¶ 15.

Plaintiff alleges that Mr. Sley then made a series of further statements promising repayment of the Loan. *See e.g.* Am. Compl. ¶¶ 16-18, 20-21, 26. On August 10, 2018, Plaintiff and Mr. Sley executed an Amended and Restated Promissory Note ("Amended Note"), which replaced the Original Note, and a Guaranty Agreement ("Guaranty"). *Id.* ¶¶ 28-29. The Amended Note and the Guaranty are attached to the Amended Complaint as Exhibits A and B thereto. The Amended Note called for repayment of the Loan within 5 business days of signature, extending the original maturity date to August 17, 2018. *Id.* ¶ 30; Ex. A ¶ 2. The Amended Note and Guaranty are the operative documents in this action and are governed by California law. Ex. A ¶ 14; Ex. B ¶ 12.

**LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A pleading is not sufficient if it "tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (alteration in the original) (internal citations omitted). Furthermore, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) (citations omitted). Fraud claims must be pled with particularity pursuant to the heightened standards of Fed. R. Civ. P. 9(b). *See Beasley v. Indy Mac Bank*, 2018 U.S. Dist. LEXIS 31883, at *27-28 (E.D.N.Y. Feb. 23, 2018).

**ARGUMENT**

I. **Plaintiff's Quasi-Contract/Quantum Meruit Claim Is Barred Because Plaintiffs Allege And Rely On An Express Contract Between The Parties**

California courts have explained that quasi-contract and quantum meruit claims are "inapplicable [where a plaintiff] alleges the parties entered into express contracts." *See Pro Value Props., Inc. v. Quality Loan Serv. Corp.*, 170 Cal. App. 4th 579, 585-86 (2009) ("When there is an express agreement, there is no need to imply a contract—i.e., quasi-contract."); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) (as a matter of law, where there is an enforceable agreement governing the parties' relationship, a restitution-based claim cannot be

3

maintained).[1]  Here, Plaintiff expressly alleges that the Amended Note and the Guaranty are valid and binding contracts governing the parties' relationship (*see* Am. Compl. ¶¶ 29, 40-43; 52-57), precluding claims in equity based on the same obligations.

Furthermore, while a plaintiff can theoretically plead quasi contract/quantum meruit in the alternative, Plaintiff here does not plead this claim in the alternative or otherwise disavow the express contracts for purposes of this claim.  *See* Am. Compl. ¶¶ 44-51.  As California courts have held, a Plaintiff is "precluded from asserting a quasi-contract claim" because he failed to "deny the existence or enforceability of that agreement" in its pleadings.  *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1389-90 (2012).

## II.   Plaintiff's Fraud Claims Should Be Dismissed

### A. Plaintiff's Promissory Fraud Claim Is Duplicative Of Its Breach Of Contract Claim And Barred by California's Economic Loss Rule

Plaintiff's promissory fraud claim is an impermissible attempt to turn an alleged breach of contract into a fraud case.[2]  California courts have repeatedly held that a plaintiff may not repurpose a cause of action for breach of contract into an additional cause of action sounding in fraud.  *See Singh v. Amguard Ins. Co.*, 2016 U.S. Dist. LEXIS 188343, at *6 (C.D. Cal. Apr. 1, 2016) (granting motion to dismiss promissory fraud claims that "appeared to be breach of contract claims adorned with promissory fraud buzzwords"); *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1106 (C.D. Cal. 2015) (dismissing promissory fraud

---

[1] The same is true under New York law.  *See Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 263 (E.D.N.Y. 2014) ("Where an express contract is conceded, as it is here, a plaintiff may not proceed on a quasi-contract theory because it is foreclosed by the very existence of the express contract.").

[2] To adequately plead promissory fraud, a plaintiff must allege  (1) a promise made regarding a material fact (other than the promise to perform itself) without any intention of performing it; (2) the existence of the intent not to perform at the time the promise was made; (3) intent to deceive or induce the promisee to enter into a transaction; (4) reasonable reliance by the promisee; (5) nonperformance by the party making the promise; and (6) resulting damage to the promise.  *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1453 (2011) (holding that the trial court did not err in in sustaining the demurrer as to promissory fraud where the complaint failed to allege facts sufficient to show an actionable false promise).

4

claim that sought to take "allegations underpinning a straightforward claim for breach of a commercial contract and recast them as torts"). A promissory fraud claim cannot be based merely on the promise to perform under the parties' contract (here, that Defendants would repay the Loan)—it must allege conduct "independent from the various promises made during the course of [the] contractual relationship." *See Oracle USA, Inc. v. XL Global Services, Inc.*, 2009 U.S. Dist. LEXIS 59999, at *21 (N.D. Cal. July 13, 2009). Because Plaintiff's promissory fraud claim is based on Defendants' promises of repayment—however numerous they are alleged to have been—this claim fails.

California's economic loss rule also prevents the law of contract and the law of tort from dissolving into one another in this manner. *See UMG Recordings, Inc.*, 117 F. Supp. 3d at 1104. The economic loss rule "requires a [party] to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *La Jolla Spa Md. Inc. v. Avidas Pharms., LLC*, 2017 U.S. Dist. LEXIS 178738, at *17-18 (S.D. Cal. Oct. 27, 2017). Economic loss is expected for a breach of contract case; it does not automatically also give rise to a separate claim for promissory fraud. *See Singh*, 2016 U.S. Dist. LEXIS 188343, at *6 (dismissing promissory fraud claim where plaintiff's injuries "are those that would be expected in a breach of contract claim—economic loss"). Thus under California law, fraud claims must be dismissed where they "consist of nothing more than [a party's] failure to make good on its contractual promises." *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1043 (N.D. Cal. July 23, 2012) (dismissing promissory fraud claim as barred by the economic loss rule).

Here, Plaintiff's promissory fraud claim is based on the exact same allegations as the breach of contract claim. Am. Compl. ¶¶ 40-43, 52-57, 62-65. Plaintiff essentially alleges that

5

Defendants made various promises that the Loan would be repaid but failed to keep those promises. *Id.* ¶¶ 62-65. The Amended Complaint identifies no conduct or duty that that warrants the imposition of tort remedies, and does not include any facts showing harm to the Plaintiff beyond the economic loss due to non-repayment of the Loan. *See JMP Sec. LLP*, 880 F. Supp. 2d at 1044 (dismissing fraud claim based on assertions that defendant "not only broke its promises, but did so in bad faith"); *Oracle USA, Inc.*, 2009 U.S. Dist. LEXIS 59999, at *19 (applying economic loss rule and dismissing promissory fraud claim where the only harm to defendant was "failure to receive payment").

Nor does Plaintiff's conclusory allegation that Defendants "had no intention of repaying the loan" give rise to a claim for promissory fraud. Am. Compl. ¶ 64. As California courts have noted "[v]irtually any time a contract has been breached, [a party] can allege that the breaching party never intended to meet its obligations" and "businesses should not have to worry that [payment disputes] will routinely lead to the threat of punitive damages." *See Oracle USA Inc.*, 2009 U.S. Dist. LEXIS 59999, at *21 (dismissing promissory fraud claim). Plaintiff's promissory fraud claim should therefore be dismissed.

### B. Plaintiff's Promissory Fraud and Fraudulent Inducement Claims Fail to Meet the Heightened Pleading Requirements for Fraud

Plaintiff's promissory fraud and fraudulent inducement claims must be dismissed for failing to meet the heightened pleading standards for fraud claims.[3] Under Rule 9(b), such claims must state with particularity the circumstances constituting fraud, and must be dismissed where they are "too generalized and conclusory to sufficiently state a claim." *Beasley v. Indy Mac Bank*, 2018 U.S. Dist. LEXIS 31883, at *27-28 (E.D.N.Y. Feb. 23, 2018); *see also UMG*

---

[3] The elements required to adequately plead fraudulent inducement are (1) misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages. *Yi v. Circle K Stores, Inc.*, 258 F. Supp. 3d 1075, 1087 (C.D. Cal. June 26, 2017) (granting summary judgment with respect to fraudulent inducement where the plaintiff failed to reveal specific representations which induced the parties to enter into the agreement).

*Recordings, Inc.*, 117 F. Supp. 3d at 1106. In particular, the complaint must allege with particularity (1) the specific statements that the plaintiff contends were fraudulent, (2) the speaker, (3) where and when the statements were made, and (4) why the statements were fraudulent. *Linares v. Richards*, 2009 U.S. Dist. LEXIS 68753, at *19 (E.D.N.Y. June 22, 2009).

First, Plaintiff alleges that he was defrauded into making the Loan by representations from Mr. Sley as to its purpose, but the Amended Complaint does not identify any specific statement on the subject, let alone with particularity. Instead, the Amended Complaint states generally that Plaintiff was "told or understood that it was a loan made to Hestia for Hestia's business purposes." Am. Compl. ¶ 12. In other words, this may have simply been an "understanding" of Plaintiff, not a statement from Mr. Sley. That falls well short of the particularity requirement of Rule 9(b). *See UMG Recordings, Inc.*, 117 F. Supp. 3d at 1106 (finding claims deficient under Fed. R. Civ. P. 9(b) because counterclaimants did not plead the "specific content" of the fraudulent representations).

Plaintiff also claims to have been misled as to the identity of the "true borrower"—whether it was Hestia or Mr. Sley personally. *See, e.g.*, Am. Compl. ¶¶ 59, 63. Plaintiff likewise identifies no specific statement as to how the funds would be used. And more importantly, Plaintiff has not explained why this would matter—the Amended Note was a contract with Hestia and guaranteed by Mr. Sley, regardless of who ultimately used the funds or how they were used.

The other alleged misstatements Plaintiffs allege promises by Defendants to repay the Loan, in various conversations at various times, which are deficient for the reasons discussed above. *See* Am. Compl. ¶¶ 15-20; *infra* at p. 8.

7

Second, Plaintiff has failed to plead reasonable reliance on any of the Defendants' alleged false statements. The Loan was made to Defendants on May 8, 2018, prior to all of the challenged statements referenced in the Amended Complaint. Plaintiff cannot now assert that he reasonably relied on these statements in lending money to Defendants. *See Cal. Bagel Co., LLC v. Am. Bagel Co.*, 2000 U.S. Dist. LEXIS 22898, at *49, n.74 (C.D. Cal. June 9, 2000) ("To the extent plaintiffs' claims are based on representations allegedly made after their execution of the [Agreements], they cannot prove reliance, much less reasonable reliance."). Furthermore, before signing the Amended Note, Mr. Sley is alleged to have told Plaintiff that repayment of the Loan would be dependent on the closing of a separate Hestia transaction. Am. Compl. ¶¶ 15-18. With this knowledge, Plaintiff extended the Loan terms anyway. *Id.* ¶ 29. Plaintiff has not pled, and cannot now plead, a change of position when he knew of this contingency before executing the Amended Note. *Id.* ¶¶ 58-61.

Third, Plaintiff has failed to plead any facts showing Defendants' intent to defraud. Plaintiff's conclusory allegations that Defendants had no intention of repaying the Loan is not supported by any facts in the Amended Complaint. Mere non-performance is not enough to prove Defendants' intent. *See Singh*, 2016 U.S. Dist. LEXIS 188343, at *7 (plaintiff's allegations that "Defendant never intended to fulfill its representations and promises" came "nowhere close to this high bar [for pleading fraud with particularity]"). If anything, the facts alleged in the Amended Complaint equally support Defendants' honest failure to secure the necessary funding to repay the Loan, with Plaintiff well aware that repayment was contingent on such funding. *See Magpali v. Farmers Grp.*, 48 Cal. App. 4th 471, 481 (1996) (finding that an overly optimistic, but "erroneous belief, no matter how misguided, does not justify a finding of fraud").

8

**III.     Plaintiff's Conspiracy to Commit Fraud Claim Should be Dismissed**

As a threshold matter, California law does not recognize conspiracy as a separate cause of action—liability based on conspiracy is derivative and must be based on the commission of an actual tort. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (Sup. Ct. 1993) (holding that there is no separate or independent tort for conspiracy). Accordingly, because Plaintiff has failed to plead fraudulent inducement and promissory fraud, Plaintiff's derivative claim for conspiracy to commit fraud necessarily fails. *See Ram v. Wachovia Mortg.*, 2011 U.S. Dist. LEXIS 32392, at *30 (E.D. Cal. Mar. 25, 2011) (dismissing conspiracy claim, where plaintiff failed to allege a cognizable fraud claim, therefore "any claim that the defendants conspired to defraud . . . would likewise fail").

Plaintiff's conspiracy allegations are also deficient. Conspiracy to commit fraud is likewise governed by the heightened pleading requirements of Rule 9(b). *See Chavez v. Bank of Am., N.A.,* 2010 U.S. Dist. LEXIS 44369, at *67 (E.D. Cal. 2010) (stating that "heightened pleading is required by Rule 9(b) [for conspiracy claims] when the object of the conspiracy is fraudulent"). This requires a plaintiff to plead the basic elements of civil conspiracy with "factual particularity." *Id.* (citing *Alfus v. Pyramid Tech.*, 745 F. Supp. 1511, 1521 (N.D. Cal. 1990)). Under California law, the elements of civil conspiracy are (1) the formation and operation of the conspiracy (2) the wrongful act(s) done pursuant thereto and (3) damages resulting from such act(s). *See Wasco Prods. v. Southwell Techs.*, 435 F.3d 989, 991 (9th Cir. 2006).

Here, the Amended Complaint contains formulaic allegations that "Defendants jointly and severely and in concert and conspiracy" made misrepresentations to Plaintiff with the intent to deceive him. Am. Compl. ¶ 67. There are no factual allegations to support a plausible claim

9

of civil conspiracy, and therefore, the claim should be dismissed.  *See Gaines v. Sherman*, 2016 U.S. Dist. LEXIS 63696, at *14 (E.D. Cal. May 13, 2016) (complaint containing "omnibus allegations that some of the Defendants in doing the myriad of acts alleged were doing them in furtherance of some grand conspiracy" did not set out a cause of action for conspiracy); *Chavez v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 44369, at *67 (E.D. Cal. May 5, 2010) (dismissing conspiracy to commit fraud claim where plaintiff did not satisfy the pleading requirements of Rule 9(b)).

Finally, Plaintiff's conspiracy claim also fails because it requires that Mr. Sley to have conspired with himself, which is impossible, because a conspiracy must involve more than one person.  Indeed, California courts have called it an "absurd assertion" that a corporation could conspire with its president, because "[i]t is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy."  *See Shasta Douglas Oil Co. v. Work*, 212 Cal. App. 2d 618, 624-25 (1963).  California courts have also explained that a corporation is a legal fiction that can only act through its employees and agents, and employees and agents cannot conspire with their corporation.  *See Black v. Bank of Am. N.T. & S.A.*, 30 Cal. App. 4th 1, 6 (1994); *see also Zumbrun v. Univ. of S. Cal.*, 25 Cal. App. 3d 1, 12 (1972) ("[A]gents or employees of a corporation cannot conspire with the corporation while acting in their official capacities on behalf of the corporation.").  Here, because Plaintiff's conspiracy claim rests on the actions of Mr. Sley, both as an individual and on behalf of Hestia, the claim must be dismissed.  Am. Compl. ¶¶ 66-69.

## CONCLUSION

For the foregoing reasons, Counts II, VI, V, and VI of the Amended Complaint should be dismissed.

10

Dated: January 21, 2019
New York, New York

                                              Respectfully submitted,

                                              *Kimberly A. Haviv*
                                              Kimberly A. Haviv
                                              WHITE & CASE LLP
                                              1221 Avenue of the Americas
                                              New York, New York 10020
                                              Telephone: (212) 819-8683
                                              Facsimile: (212) 354-8113
                                              kim.haviv@whitecase.com

                                              *Attorneys for Defendants*
                                              *Hestia Tobacco, LLC and David Sley*