**Served on February 21, 2019**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY ABBAS, | ) |
| Plaintiff, | ) Case No. 1:18-CV-05151 (ENV-RER) |
| v. | ) Hon. Eric N. Vitaliano |
| HESTIA TOBACCO, LLC, and DAVID SLEY, | ) |
| Defendants. | ) |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNTS II, IV, V, AND VI OF PLAINTIFF'S AMENDED COMPLAINT

Defendants Hestia Tobacco, LLC ("Hestia") and David Sley (collectively, "Defendants") respectfully submit this Memorandum of Law in further support of their Motion to Dismiss Counts II, IV, V, and VI (the "Motion" or "Mot.") of the Amended Complaint ("Amended Complaint" or "Am. Compl.") of Plaintiff Randy Abbas ("Abbas" or "Plaintiff") for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

As Defendants stated in their Motion to Dismiss, this is a straightforward breach of contract case for nonpayment of a Loan, and Plaintiff's Opposition (the "Opposition" or "Pl. Opp.") provides no basis for the series of tort claims it attempts to justify. As in the Amended Complaint, Plaintiff's Opposition recites various alleged statements by Defendants that the Loan would be paid, and couples them with Plaintiff's assertion that these statements were knowingly false when made. But promises to pay back the funds loaned is exactly what was promised in the contract, precluding a duplicative claim in tort. *See* Mot. 1. Plaintiff cannot convert promises made in the course of their contractual relationship into an actionable fraud claim. *See id.* 2.

Plaintiff also fails to plead reliance. Each and every statement by Defendants alleged in the Opposition was made *after* Plaintiff had already loaned the funds to Defendants in May 2018. Am. Compl. ¶¶ 10, 12; Pl. Opp. 5-6. That timing is critical, because Plaintiff cannot plead a change of position—justifiable reliance—based on anything said after the funds had been transferred and when Plaintiff was simply chasing payment. Am. Compl. ¶¶ 7-11.

Nor has Plaintiff pled these after-the-fact "promises" with the required specificity. Mot. 6-7. As Plaintiff is well-aware, in order to properly plead fraudulent inducement (Count IV), promissory fraud (Count V), and conspiracy to commit fraud (Count VI), Plaintiff must plead the

1

statements made with particularity. Plaintiff's conclusory statements of what was "understood" do not meet this standard.

Additionally, Plaintiff's promissory fraud claim is barred by the economic loss rule, as Plaintiff's Opposition does not identify any damage to Plaintiff beyond economic damages resulting from the unpaid loan. And Plaintiff's civil conspiracy claim fails because Mr. Sley, as CEO of Hestia, cannot conspire with himself, a factual and legal reality to which Plaintiff barely responds.

Finally, in the Motion to Dismiss, Defendants showed that California law precludes a quasi-contract/quantum meruit claim (Count II) when there is an express contract governing the same subject matter. *See* Mot. 3-4. Plaintiff's Opposition confirms that he has not disavowed the underlying contracts nor has he pled in the alternative, which mandates dismissal. Pl. Opp. 14-18.

## ARGUMENT

### I. Plaintiff's Quasi-Contract/Quantum Meruit Claim Is Barred Because Plaintiffs Allege And Rely On An Express Contract Between The Parties

As Defendants showed in their Motion to Dismiss, breach of contract and quasi contract/quantum meruit claims are inconsistent causes of action, and pleading them both requires that the contract be disavowed through pleading in the alternative. Mot. 3-4. *See e.g.*, *Klein v. Chevron U.S.A. Inc.*, 202 Cal. App. 4th 1342, 1389-90 (2012); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010).

Plaintiff's Opposition does not assert that the Amended Complaint disavows the contract, nor does it identify anywhere in the Amended Complaint where it is supposedly pled in the alternative. Pl. Opp. 14-18.[1] Rather, Plaintiff admits that the Amended Complaint "clearly

---

[1] Plaintiff strangely says that "all counts in a pleading are considered pleaded alternatively" (Pl. Opp. 17), which is just incorrect. The Opposition cites FED. R. CIV. P. 8(d)(2), which merely permits alternative pleading; it does not convert all counts into alternatives.

2

pleaded existing and enforceable express contracts." *Id.* 18. This is exactly what occurred in the *Klein* case, which is on all fours:

> Although a plaintiff may plead inconsistent claims that allege both the existence of an enforceable agreement and the absence of an enforceable agreement, that is not what occurred here. Instead, plaintiffs' breach of contract claim pleaded the existence of an enforceable agreement and their unjust enrichment claim did not deny the existence or enforceability of that agreement. Plaintiffs are therefore precluded from asserting a quasi-contract claim under the theory of unjust enrichment.

*Klein*, 202 Cal. App. 4th at 1389-90. The same result should issue here.

## II. Plaintiff's Fraud Claims Should Be Dismissed

### A. Plaintiff's Promissory Fraud Claim Is Duplicative Of Its Breach Of Contract Claim And Barred By California's Economic Loss Rule

As Defendants demonstrated in their Motion to Dismiss, a promissory fraud claim cannot be based merely on promises to perform according to the parties' agreement; to state a claim in tort, a plaintiff must properly allege a duty and an actionable promise separate from the contractual relationship. *Oracle USA v. XL Global Servs.*, 2009 U.S. Dist. LEXIS 59999, at *14 (N.D. Cal. July 13, 2009); *Singh v. Amguard Ins. Co.*, 2016 U.S. Dist. LEXIS 188343, at *4-5 (C.D. Cal. Apr. 1, 2016).

Plaintiff's Opposition cites only Defendants' alleged promises to repay the Loan as the basis for the promissory fraud claim:

> Defendants impliedly promised to pay back the loan from corporate transactions since, they represented, it was purportedly a loan to Hestia and, from the circumstances, including their continued falsehoods about repayment and a fictitious underlying transaction, never intended to do.

Pl. Opp. 11. There simply is no promise independent of the Loan and its repayment. Likewise, in the Amended Complaint, Plaintiff's promissory fraud claim and breach of contract claims are based on Hestia's "failure and refusal to make repayment." Am Compl. ¶¶ 40-43, 52-57, 62-65. So while Plaintiff acknowledges the need for "a clear distinction in this case between the false

3

statements that constitute the fraud and the contractual obligation to repay the loan," (Pl. Opp. 14), the Opposition fails to provide one. Plaintiff simply ignores the many cases cited in the Motion dismissing promissory fraud claims based on the same subject matter as the contract. *See* Mot. 4-6.

*Oracle USA, Inc. v. XL Global Servs.* is instructive. In *Oracle,* the court dismissed a promissory fraud claim where "[t]here [was] no conduct at issue which [was] independent from the various promises made by the parties in the course of their contractual relationship." 2009 U.S. Dist. LEXIS 59999, at *14 (N.D. Cal. July 13, 2009). This is because "the fundamental rule in California is that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement." *Id.* at *12-13.

Plaintiff places great emphasis on *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004), which is not a promissory fraud case at all.[2] If anything, *Robinson Helicopter* shows why Plaintiff's promissory fraud claim is barred by the economic loss rule, because the damages alleged there included exposure the plaintiff faced to liability for personal damages, above and beyond its economic loss from the breach of contract. *Id.*[3] Plaintiff's Opposition, like his Amended Complaint, does not identify any damages other than the economic loss from nonpayment. Instead, Plaintiff tries to avoid the rule altogether, but appears to confuse that rule with doctrines regarding election of remedies and double recovery. Pl. Opp. 11. California law is clear that "promissory fraud claims are subject to the economic loss rule." *UMG Recordings, Inc.*

---

[2] *Robinson Helicopter* was a products liability case involving fraudulent inducement claims, not promissory fraud, and involved affirmative misrepresentations outside of the contract. 34 Cal. 4th at 990. Plaintiff also cites *Lazar v. Superior Court*, is specifically directed to the employment context. 12 Cal. 4th 631, 634 (1996).
[3] *Robinson Helicopter* also stated the general rule that tort damages are not permitted in contract cases, subject to four exceptions. 34 Cal. 4th at 989-90. Promissory fraud is not one of these exceptions. *Id.*

4

*v. Global Eagle Entmt't, Inc.*, 117 F. Supp. 3d 1092, 1104 (C.D. Cal. 2015); *see also* Mot. 5-6. Plaintiff simply ignores these cases.

Plaintiff's promissory fraud claim should therefore be dismissed for failure to plead an actionable promise independent of the contract and as barred by the economic loss rule.

### B. Plaintiff's Promissory Fraud And Fraudulent Inducement Claims Fail To Meet The Heightened Pleading Requirements For Fraud

Plaintiff's promissory fraud and fraudulent inducement claims do not meet the heightened pleading requirements of FED. R. CIV. P. 9(b). In the Opposition, Plaintiff relies on statements as to (i) the purpose of the Loan funds and (ii) the "identity of the borrower" for the fraudulent inducement claim. Pl. Opp. 18-19. Neither is properly pled or can state a claim for fraud.

First, as noted in the Motion to Dismiss, the Amended Complaint's conclusory statement that Plaintiff was "told or understood that it was a loan made to Hestia for Hestia's business purposes," Am. Compl. ¶ 12, fails to identify any statement made by Defendants and is insufficient. Mot. 7. Plaintiff's Opposition only further highlights this deficiency in trying to add unpled allegations like "Defendants' explicit false statements that the funds were to be used for a pending, profitable corporate transaction by Hestia." Pl. Opp. 18. This statement is not in the Amended Complaint and so must be disregarded, and in any event, it still does not identify what the "explicit false statements" were.

In any event, all of these allegations took place *after* May 2018, when Plaintiff had already loaned the money to Defendants and was seeking repayment. This precludes any claim that Plaintiff relied on any such statements to his detriment. Indeed, Plaintiff does not allege that he conducted *any* due diligence in advance of lending funds to Defendants, and does not plead any statements about Hestia or its creditworthiness from before the Loan was issued.

5

Second, Plaintiff's claim that Defendants "misrepresented who the borrower was" makes no sense. Pl. Opp. 18. As alleged in Plaintiff's Amended Complaint, Hestia *is* the borrower, and a party to the contract. Am. Compl. ¶ 10. If Hestia were not the borrower, Plaintiff would not be suing Hestia for breach of contract. Pl. Opp. 11, 18.

Plaintiff's statements regarding the identity of the borrower and the purpose of the Loan fall well short of pleading the "who, what, where, when, why" of the purported fraud, as required under Rule 9(b). *See Linares v. Richards*, 2009 U.S. Dist. LEXIS 68753, at *19 (E.D.N.Y. June 22, 2009).[4]

### III. Plaintiff's Conspiracy To Commit Fraud Claim Should Be Dismissed

The parties agree that California law does not recognize conspiracy as a stand-alone or independent tort and requires an adequately-pled underlying tort as to each alleged conspirator. Pl. Opp. 19. Since Plaintiff has not adequately pled the existence of an underlying tort, as set out above, the conspiracy claim fails for the same reasons.

Furthermore, Plaintiff's conspiracy claim does not meet the heightened pleading standard for civil conspiracy to commit fraud.[5] Plaintiff's Opposition does not dispute or address this standard. Pl. Opp. 19-20. Instead Plaintiff merely restates the elements of civil conspiracy without any application of those elements to any allegation in the Amended Complaint. *Id.* These conclusory arguments do not meet the pleading standards.

---

[4] Notably, Plaintiff cites only one case in support of the fraudulent inducement arguments, and it held that fraudulent inducement was inadequately pled. Pl. Opp. 18 (citing *Rosenthal v. Great W. Fin. Secs. Corp.*, 14 Cal. 4th 394, 426 (1996) ("We conclude that the statements of GWFSC representatives to the effect the [sic] client agreements were merely a formality, or did not need to be read, were insufficient, even in light of the parties' relationship, to warrant a finding of fraud in the inception of the agreements.")).

[5] As explained in Defendants' Motion to Dismiss, a plaintiff is required to plead the basic elements of conspiracy with "factual particularity." *See Chavez v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 44369, at *67 (E.D. Cal. May 5, 2010) (citing *Alfus v. Pyramid Tech.*, 745 F. Supp. 1511, 1521 (N.D. Cal. 1990)).

Finally, in addition to the above, Plaintiff's conspiracy claim also fails because it requires Mr. Sley to have conspired with himself, which is impossible. *See, e.g., Black v. Bank of Am. N.T. & S.A.*, 30 Cal. App. 4th 1, 6 (1994) (holding that the trial court properly sustained the demurrer for civil conspiracy). Plaintiff oddly seizes on language addressing circumstances where an individual is *not* acting on behalf the corporation. Pl. Opp. 20. That is contrary to the Amended Complaint, which alleges that Mr. Sley was acting in his official capacity as "CEO of Hestia." Am. Compl. ¶ 10. And there is no suggestion that Mr. Sley did not have the authority to enter into the Loan on behalf of Hestia—if that were the case, then again, Plaintiff should not be suing Hestia. Finally, Plaintiff's suggestion that Mr. Sley was not acting on Hestia's behalf would only weaken the conspiracy claim—if Mr. Sley did not act on Hestia's behalf, then Mr. Sley truly acted alone, and there is no such thing as a one-person conspiracy. That is exactly the "absurd" result that the court remarked on in *Shasta* in holding that "you must have two persons or entities to have a conspiracy." 212 Cal. App. 2d 618, 624-25 (1963) (holding that it was an "absurd assertion" that a corporation could conspire with its president). The civil conspiracy claim should be dismissed as well.

## CONCLUSION

For the foregoing reasons and those stated in the Motion to Dismiss, Counts II, VI, V, and VI of the Amended Complaint should be dismissed.

Dated:   February 21, 2019
         New York, New York

                                                    Respectfully submitted,

                                                    *Kimberly A. Haviv*
                                                    Kimberly A. Haviv

                                                    WHITE & CASE LLP
                                                    1221 Avenue of the Americas

7

New York, New York 10020
Telephone: (212) 819-8683
Facsimile: (212) 354-8113
kim.haviv@whitecase.com


*Attorneys for Defendants*
*Hestia Tobacco, LLC and David Sley*

8