# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

№ 18-CV-5151 (ENV) (RER)

———————————

## ABBAS

Plaintiff,

VERSUS

## HESTIA TOBACCO, LLC AND DAVID SLEY

Defendants.

————————

**REPORT & RECOMMENDATION**

August 28, 2020

————————

**TO THE HONORABLE ERIC N. VITALIANO**
**SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

On September 12, 2018, Randy Abbas ("Abbas" or "Plaintiff") brought this diversity action under 28 U.S.C. § 1332 for claims based in contract and fraud against Hestia Tobacco, LLC ("Hestia") and David Sley ("Sley") (collectively, "Defendants"). (Dkt. No. 1). On February 21, 2019, Defendants filed a Motion to Dismiss, (*See* Dkt. No. 15 ("Mot. to Dismiss")), which was granted in part and denied in part. (Dkt. No. 21). On August 8, 2019, Defendants' attorney filed a Motion to Withdraw as Counsel, (*See* Dkt. No. 22), which was granted. (*See* Order dated 09/09/2019). No new counsel appeared, and Defendants failed to answer. On November 21, 2019, the Clerk of the Court entered default against Defendants, (Dkt No. 28), and Plaintiff subsequently filed a Motion for Default Judgment. (Dkt. No. 31 ("Mot. for Default J.")). Your Honor referred

1

the Motion for Default Judgment to me for a Report and Recommendation. (Order dated 01/08/2020). For the reasons below, I respectfully recommend the Motion for Default Judgment be denied with leave to renew upon filing proof of service of the Motion on defaulting Defendants. However, should Your Honor disagree with this recommendation—or should Plaintiff subsequently file proof of service of the Motion—I recommend that the motion be granted.

## BACKGROUND[1]

Abbas is an individual residing in Brooklyn, New York. (Dkt. No. 14 ("Am. Compl.") ¶ 2). Sley is a California resident and the founder, CEO, and sole or principle shareholder of Hestia. (Am. Compl. ¶ 4). Hestia is a limited liability tobacco company organized under Nevada law with a principal place of business in North Carolina. (Am. Compl. ¶ 3).

In May of 2018, Sley approached Abbas through an intermediary seeking a loan of $1,000,000. (Am. Compl. ¶ 7). The loan was described to Abbas as a short-term loan necessary to bridge Hestia "between cash payments." (Am. Compl. ¶ 7). Sley noted the loan was to be for one month, at the end of which Hestia would repay Abbas the principal amount and interest. (Am. Compl. ¶ 8). Relying on Sley's representations, Abbas agreed to the loan. (Am. Compl. ¶ 9). On May 8, 2018, Abbas received a promissory note executed on behalf of Hestia by Sley with repayment to be made within 30 days. (Am. Compl. ¶ 10). The following day, Abbas performed and wired $1,000,000 to Hestia. (Am. Compl. ¶ 11).

On June 8, 2018, the maturity date, Hestia had failed to repay the loan and Sley emailed Abbas assuring him that the funds "were not at risk," but that payment would be delayed due to an

---

[1] All factual allegations are taken as true unless otherwise indicated. *See Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009).

alleged ongoing corporate transaction. (Am. Compl. ¶¶ 14–15). For nearly a month following the maturity date, Sley maintained that the delay in repayment was due to different issues in Hestia's ongoing corporate transaction. (Am. Compl. ¶¶ 15–17). The continued delay culminated in Sley stating "with absolute certainty" that if the loan was not repaid in full by July 1, 2018, that he would ask his parents for help in order to repay the loan. (Am. Compl. ¶ 18). No payment was made on July 1 and on July 6, 2018, Sley apologized by email to Abbas for his silence on the issue, claiming that he was seeking to "avoid a lack of candor" and provided documentation, which he alleged to be related to the ongoing corporate transaction that had caused the delay. (Am. Compl. ¶ 19). Later that same day, on a phone call, Sley stated that he would inquire with his father about repaying the loan on Hestia's behalf. (Am. Compl. ¶ 20).

Over the following weeks, Sley provided Abbas updates on numerous purported delays in procuring the funding from his father, and in doing so, provided Abbas with at least one altered screen shot of his bank account and an altered wire confirmation containing a falsified federal reference number.[2] (Am. Compl. ¶¶ 21–26). On July 25, Sley apologized again admitting over email that the last two weeks had been "a rudimentary fiction to buy time." (Am. Compl. ¶ 27). On August 9, 2018, Abbas sent Sley an Amended Promissory Note (the "Amended Note") for Hestia and Guaranty Agreement for Sley, which were executed the next day. (Am. Compl. ¶¶ 28–29). The Amended Note and Guaranty Agreement represented, *inter alia*, that the loan would be repaid in full by August 17, 2018, that Sley would personally guarantee the loan, and that nonpayment would result in default. (Am. Compl. ¶¶ 29–31; Dkt. Nos. 14-1 and 14-2). Ultimately,

---

[2] Abbas later confirmed with his bank that the reference number provided by Sley was false. (Am. Compl. ¶ 24).

both Hestia and Sley failed to make any payment by the amended maturity date under the Agreements. (Am. Compl. ¶¶ 32–34).

Following Defendants' default, Abbas discovered text messages between Sley and a colleague of Abbas' in which Sley admits, in May, that (1) he had not secured source of repayment for the loan, and (2) he never intended to use the funds for Hestia's business purposes but rather used the $1,000,000 to pay for personal wedding and honeymoon expenses. (Am. Compl. ¶¶ 13; 36–37).

Abbas filed this action[3] on September 12, 2018, alleging a series of claims based in contract and fraud. (*See* Dkt. No. 1). Abbas subsequently filed an Amended Complaint, which included claims for breach of contract against Hestia, breach of guaranty against Sley, and fraudulent inducement, quasi-contract/quantum meruit, promissory fraud, and conspiracy to commit fraud against Defendants jointly and severally. (Am. Compl. ¶¶ 40–69). Defendants then moved to dismiss the Amended Complaint on February 2, 2019. (*See* Mot. to Dismiss). Defendants' Motion to Dismiss was granted in part and denied in part on August 19, 2019, resulting in the dismissal of Plaintiff's quasi-contract/quantum meruit claim (count II). (*See* Dkt. No. 21).

Following the Order on Defendants' Motion to Dismiss, Defendants' counsel filed a Motion to Withdrawal as Attorney, (Dkt. No. 22), which was granted on September 9, 2019. (*See* Order dated 09/09/2019). Defendants were served with a copy of the order that notified Sley that he may proceed *pro se* but that Hestia must obtain new counsel within thirty days or be deemed in default. (*See* Order dated 09/09/2019; Dkt. No. 26). On November 14, 2019, Abbas entered a

---

[3] The Court has personal jurisdiction over all parties for each consented to such jurisdiction in the Amended Note and the Guaranty Agreement. (*See* Dkt. No. 14-1 ¶ 15; Dkt. No. 14-2 ¶ 12). Venue is proper because Plaintiff resides in Brooklyn. (*See* Am. Compl. ¶ 2).

request for a certificate of default against both Hestia and Sley, (Dkt. No. 27), and the clerk made an entry of default on November 21, 2019. (*See* Dkt. No. 28). Shortly after, Abbas filed this Motion for Default Judgement seeking relief from Defendants jointly and severally in the principal amount plus 10% per annum interest. (Mot. for Default J.).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 55 ("Rule 55") governs default judgment. "Rule 55(a) provides that '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter the party's default.'" *Diversified Fin. Sys., Inc. v. Tomich Corp.*, No. 95-CV-4211 (ILG) (JLC), 1997 WL 177873, at *2 (E.D.N.Y. Mar. 28, 1997) (quoting Fed. R. Civ. P. 55(a)). "With respect to liability, a defendant's default does no more than concede the complaint's factual allegations." *Said v. SBS Elecs., Inc.*, No. 08-CV-3067 (RJD) (JO), 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), *R&R adopted as modified by* 2010 WL 1287080 (Mar. 31, 2010). Ultimately, it is up to the court to decide whether a defendant's liability has been established as a matter of law. *Au Bon Pain Corp. v. Artect*, *Inc.,* 653 F.2d 61, 65 (2d Cir. 1981). Further, the court may make reasonable inferences in favor of the moving party. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

Once liability has been established, the court must determine what, if any, damages are supported by "an evidentiary basis that can be ascertained with 'reasonable certainty.'" *Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246 (RJD) (RER), 2019 WL 3716199, at *2 (E.D.N.Y. May 1, 2019) (quoting *Cement and Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012)).

## DISCUSSION

Plaintiff failed to comply with Local Rule 55.2(c) in filing this Motion for Default Judgment and therefore the Motion should be denied. However, Abbas' contract claims are sufficiently pleaded and he has produced an adequate evidentiary basis for his requested relief.

### I.    Failure to Notice Defendants of Motion for Default Judgment

"[A] motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules." *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015). Under Local Rule 55.2(c), a plaintiff is required to serve notice of a motion for default judgment, including "all papers submitted to the [c]ourt pursuant to" the motion, on the defaulting defendants and file "[p]roof of such mailing . . . with the [c]ourt." Local Civ. R. 55.2(c); *see also* Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application[.]").

Here, Plaintiff failed to comply with Local Rule 55.2(c) as no proof of service has been filed with the Court.[4] While Plaintiff appended an affidavit of service to his Motion, (Dkt. No. 31-3), it establishes proof of service of the original complaint[5] on Defendants, not the Motion for Default Judgment. While the Court has significant discretion in this matter, Plaintiff's failure to comply with Local Rule 55.2 warrants denial of the motion, without prejudice to renewal upon demonstration of proper service. *E.g., Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir.*

---

[4] Plaintiff also failed to comply with Local Rule 55.2(b), which requires the moving party to attach a proposed form of default judgment to its motion. *See* Local Civ. R. 55.2(b).

[5] No affidavit of service for the Amended Complaint is provided with the Motion for Default Judgment or elsewhere on the docket. However, Defendants waived a defense of insufficient service when they failed to raise the issue in their Motion to Dismiss the Amended Complaint. *See* Fed. R. Civ. P. 12(h)(1).

*2001)* (District court has significant discretion in "determin[ing] whether to overlook a party's failure to comply with local court rules."); *Augustin v. Apex Fin. Mgmt.*, No. 14-CV-182 (CBA) (VMS), 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015), *R & R adopted by* 2015 WL 7430008 (Nov. 23, 2015) ("Plaintiff's failure to comply with Local Civil Rule 55.2 alone warrants denial of the motion [for default judgment], without prejudice to renew with an affidavit demonstrating proper service.") (citing *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (denying motion for default judgment in part for failure to comply with Local Rule 55.2)); *see also Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854 (E.D.N.Y. Feb. 21, 2019), *R & R adopted by* 2019 WL 1172381 (Mar. 13, 2019) (denying motion for default judgment where deficiencies in service of motion papers under Local Rule 55.2(c) existed with respect to ten of the twenty-five defaulting defendants). Accordingly, I respectfully recommend that Plaintiff's Motion for Default Judgment be denied with leave to renew upon proof of service.

## II.    Liability

Nevertheless, Abbas' factual allegations, taken as true, are enough to establish liability for breach of contract against Hestia and breach of guaranty against Sley.[6]

### A. Breach of Contract

Plaintiff's breach of contract claim against Hestia is sufficiently pleaded, and the facts establish liability as a matter of law. Under California law,[7] "the elements of a cause of action for

---

[6] Plaintiff also alleged causes of action sounding in fraud. (Am. Compl. ¶¶ 58–69). However, because Plaintiff's contract claims are sufficiently pleaded, I do not address the fraud claims here.

[7] The agreement between Abbas and Hestia included a California choice-of-law provision and both Defendants and Plaintiff have exclusively cited to California law in all filings related to this case. Therefore, I analyze the contract

breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (citing *Reichert v. General Ins. Co.*, 442 P.2d 377, 381 (Cal. 1968)).

Here, a contract exists, and Plaintiff provided a copy of the executed Amended Note. (*See* Dkt. No. 14-1). Plaintiff alleged his performance by transferring $1,000,000 to Hestia on May 9, 2018. (*See* Am. Compl. ¶ 11). Plaintiff further alleged Hestia's breach by nonpayment on the amended maturity date of August 17, 2018. (*See* Am. Compl. ¶¶ 30, 32). Finally, Plaintiff alleged he was damaged in the full amount of the loan and the agreed upon interest. (Am. Compl. ¶¶ 11, 35).

**B.  Breach of Guaranty**

The facts alleged in Plaintiff's Amended Complaint are sufficient to establish a breach of guaranty claim against Sley. "California courts treat a breach of guaranty cause of action like a breach of contract claim." *Yokell v. Draper*, No. 18-CV-02124 (JSC), 2018 WL 3417514, at *3 (N.D. Cal. July 13, 2018). To sufficiently plead a breach of guaranty claim, a plaintiff must establish that: "(1) there is a valid guaranty, (2) the borrower has defaulted, and (3) the guarantor failed to perform under the guaranty." *Gray1 CPB, LLC v. Kolokotronis*, 202 Cal. App. 4th 480, 486 (Ct. App. 2011).

---

claims under California law. *See Walter E. Heller & Co. v. Video Innovations, Inc.*, 730 F.2d 50, 52 (2d Cir. 1984) (finding that New York law applied where parties relied on New York authorities to support their claims).

Here, Plaintiff provided a copy of the executed Guaranty Agreement, (*See* Dkt. No. 14-2), the borrower—Hestia—defaulted under the Amended Note on August 17, 2018, (*See* Am. Compl. ¶ 32), and Sley failed to perform under the Guaranty Agreement. (*See* Am. Compl. ¶¶ 33–34).

### III.    Damages

Plaintiff requests judgment against Hestia and Sley jointly and severally for $1,000,000 in the principal amount of the loan, plus 10% per annum interest. (Am. Compl. at 15). For the purposes of this Motion, Plaintiff waived his claim to attorney's fees, punitive damages, and other costs. (Dkt. No. 31-1 ¶ 7).

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). To determine damages, the court must find a factual basis for the damages sought by either relying on affidavits and documentation or conducting hearings. *See* Fed. R. Civ. P. 55(b); *Mu Qing Hsi v. Wen Qing Chen*, No. 17-CV-5436 (AMD) (LB), 2018 WL 6438349, at *2 (E.D.N.Y. Nov. 16, 2018), *R & R adopted sub nom. by Hsi v. Chen*, 2018 WL 6437063 (Dec. 7, 2018) (Damages "may be calculated based on documentary evidence, affidavits, or evidence gleaned from a hearing on damages."). Here, there is sufficient documentation to determine Abbas' damages.

### A.  Principal

Under California law, a party who has successfully established liability for a breach of contract claim may recover damages "'the equivalent of the benefits of performance.'" *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (Cal. 1994) (quoting 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 813, p. 732). As such, the full amount of the

loan that Abbas extended to Hestia under the Amended Note—$1,000,000—should be awarded. (Am. Compl. ¶ 30).

## B. Interest

Abbas also seeks interest on the principal amount of the loan as laid out in the Amended Note. (*See* Am. Compl. at 15). Abbas is entitled to interest because he has prevailed on his claims for breach of contract and breach of guaranty against Hestia and Sley, respectively. *See Great Am. Ins. Co v. MIVCO Packing Co., LLC*, No. C-08-05454 (RMW), 2009 WL 942390, at *4 (N.D. Cal. Apr. 6, 2009). The Amended Note[8] states that the loan shall bear an annual interest rate equal to the lesser of 10% per annum or the maximum interest rate allowed by law. (*See* Dkt. No. 14-1 ¶ 4). In California, the maximum interest rate allowed by law where parties have expressly agreed to a rate, is 10%. Cal. Const., art. XV, § 1. Therefore, Abbas is entitled to an interest award calculated at the rate of 10% per annum from August 10, 2018, to the date of judgment. Accordingly, Abbas is entitled to $1,215,780.00[9] through the date of this Report and Recommendation, to be re-calculated using the formula described in footnote 9 at the date of judgment.

## CONCLUSION

For the reasons stated herein, I respectfully recommend that Plaintiff's Motion for Default Judgment be denied with leave to renew upon filing proof of service of the Motion on Defendants.

---

[8] The Guaranty Agreement obliges Sley to the terms of the Amended Note, including the interest rate, "fully and to the same extent as if [he] had executed the Note as" Hestia. (Dkt. No. 14-2 ¶ 1).

[9] I used the following formula to calculate Abbas' compounded interest award: $P(1 + r/n)^{nt}$, where P = initial principal balance ($1,000,000), r = interest rate (.1), n = number of times interest applied per time period (1), t = number of time periods elapsed (2.05). The calculation of the number of time periods elapsed is in accordance with paragraph 4 of the Amended Note, which specifies "[i]nterest owing for each year shall be calculated on the basis of a fraction the denominator of which is three hundred sixty (360) and the numerator of which is the actual number of days elapsed from the first day of such year." (Dkt. No. 14-1 ¶ 4).

However, Plaintiff sufficiently pleaded his contract claims and provides adequate factual support for his requested relief. Plaintiff is hereby directed to serve a copy of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service on CM/ECF. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric N. Vitaliano within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: August 28, 2020
Brooklyn, NY

11